UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DENNISON HERBERT,

     Petitioner,

     v.

JOHN MUNLEY, *et al.*,

     Respondents.

CIVIL ACTION NO. 3:26-cv-00786

(SAPORITO, J.)

## ORDER

Dennison Herbert, incarcerated at SCI-Dallas, filed an amended petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (Doc. 6). "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing § 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, Rule 4; *see McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). Because Herbert is still pursuing available state remedies, his petition will be dismissed without prejudice.

On April 17, 2025, in the Court of Common Pleas of Lackawanna

County, Pennsylvania, Herbert was sentenced to an aggregate sentence of 60 to 120 months after pleading guilty to a series of crimes arising from unlawful possession of a firearm, controlled substances, and stolen property. *See Commonwealth v. Herbert*, No. CP-35-CR-0001689-2024 (Lackawanna Cty. C.C.P.). Herbert did not file a direct appeal. However, on November 5, 2025, he filed a Post-Conviction Relief Act ("PCRA") petition, which remains pending. *See id.* Herbert filed a habeas petition in this court on March 27, 2026, and an amended petition on June 2, 2026. In the amended petition, he raises three grounds[1] for relief, all of which he claims to be litigating in his pending PCRA petition. *See* (Doc. 6 at 3-8).

Subject to limited exceptions, a Section 2254 petitioner must first exhaust all claims in state court. *See* 28 U.S.C. § 2254(b),(c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review

---

[1] Herbert describes the grounds as: (1) "Overbroad warrant. Illegal search warrant. Unsworn falsification to authorities"; (2) "No time frame concerning 'alleged control buy'"; and (3) "Arbitrary wrongful government actions, intentional discrimination."

procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The petitioner bears the burden of proving exhaustion of all available state remedies. *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (citing *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993)).

In this case, it is apparent that none of Herbert's claims have been properly exhausted, because he did not file a direct appeal and his PCRA petition is still pending. Therefore, the petition will be dismissed without prejudice to a renewed petition after he exhausts state court remedies.[2] *See, e.g., Sherwood v. Beard*, No. 1:10-CV-01073, 2011 WL 6888653 (M.D. Pa. Dec. 30, 2011). Because Herbert has not demonstrated "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), no certificate of appealability will issue. *See Buck v. Davis*, 580 U.S. 100, 115

---

[2] Dismissal of this petition will not jeopardize Herbert's ability to re-file a timely petition within the one-year limitation period. *See* 28 U.S.C. § 2244(d). Because he did not appeal the sentence imposed on April 17, 2025, Herbert's one-year limitation period began on May 18, 2025, after the 30-day appeal period expired. *See* 28 U.S.C. § 2244(d)(1)(A); *see, e.g., Phillips v. Commonwealth of Pennsylvania*, No. 3:26-CV-256, 2026 WL 1085137, at *6 (M.D. Pa. Apr. 22, 2026) (citing Pa. R.A.P. 903(a)(3)). The limitation period was tolled when he filed his PCRA petition on November 5, 2025, and remains tolled while that petition is pending. *See* 28 U.S.C. § 2244(d)(2). Therefore, assuming he properly exhausts the claims in his PCRA petition, Herbert would have more than six months after exhaustion to file a renewed habeas petition.

(2017); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).

Accordingly, **IT IS HEREBY ORDERED THAT**:

1.     Herbert's petition (Doc. 6) is **DISMISSED** without prejudice for failure to exhaust state court remedies.

2.     A certificate of appealability will not issue.

3.     The Clerk is **DIRECTED** to close this case.


Dated: June 9, 2026                     *s/Joseph F. Saporito, Jr.*
                                        JOSEPH F. SAPORITO, JR.
                                        United States District Judge

- 4 -